UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF
CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case Nos. | 2:21-mc-16-CAS (SKx);<br>2:20-cv-2250-CAS (SKx);<br>2:20-cv-2299-CAS (SKx) | Date | March 10, 2021 |
|---|---|---|---|
| Title | JBF Interlude 2009 Ltd-Israel v. Elliott Management Corporation, et al.;<br>Quibi Holdings, LLC v. Interlude US, Inc., et al.;<br>JBF Interlude 2009 Ltd-Israel, et al. v. Quibi Holdings, LLC, et al. | | |

Present: The Honorable   Steve Kim

| Erica Valencia | Zoom 3/10/21 |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

Attorneys Present for Plaintiffs:
Michael A. Jacobs
Benjamin J. Fox
Soo Jeong Park

Attorneys Present for Defendants:
Darryl M. Woo
Cindy Chang

Attorneys Present for NonParty:
Valerie M. Goo
Raija J. Horstman

**Proceedings:** **ORAL ARGUMENT REGARDING DISCOVERY DISPUTE**

The case is called, and counsel make their appearances for the record. All video attendees are reminded of prohibition against recording or screen captures of hearing, which would be sanctionable. Court addresses parties and non-party. Court hears argument from all.

The Court orally issues the following orders:

1. Quibi's motion to compel production of documents responsive to RFPs 14 to 16 is granted in limited part. Eko shall produce the final funding agreement it has with Elliott Management in a redacted form, and subject to the protective order with attorneys' eyes only designation, that reveals whether or not Elliott has control of this litigation or is otherwise the real party in interest with standing to pursue Eko's claims in this litigation. In all other respects, Quibi's motion is denied as seeking information that is irrelevant to the parties' claims and defenses, is attorney work product or attorney-client privileged, and is disproportional to the needs of the case even if arguably relevant.

2. Elliott's motion to quash the document and deposition subpoena it received from Quibi is denied in limited part. Elliott shall produce the final funding agreement it has

with Eko in a redacted form, and subject to the protective order with attorneys' eyes only designation, that reveals whether or not Elliott has control of this litigation or is otherwise the real party in interest with standing to pursue Eko's claims in this litigation.  In all other respects, Elliott's motion to quash the document and deposition subpoena is granted because the subpoenas seek information from a third party that is irrelevant to the parties' claims and defenses, is attorney work product or attorney-client privileged, and is disproportional to the needs of the case even if arguably relevant.

      3.    Quibi's motion to compel production of documents responsive to RFPs 104 and 124 is denied as seeking information that is irrelevant to the parties' claims and defenses, is attorney work product or attorney-client privileged, and is disproportional to the needs of the case even if arguably relevant.  This denial is with the Court's understanding, however, that Eko has produced (or will produce) in response to other undisputed RFPs: (a) any demand letters and related correspondence that Eko exchanged with third parties about alleged infringement of Eko's patents-in-suit, and (b) any expert reports or transcripts of sworn witness testimonies from third-party litigation in which Eko claimed infringement by third parties of its patents-in-suit.

    The Court also issues the following tentative order on Quibi's pending motion to compel amended responses by Eko to Quibi's requests for admissions (RFAs):

1. Quibi's motion should be granted, and Eko should be ordered to serve the amended responses it belatedly inserted into the parties' joint stipulation on this motion as Eko's official and compelled amended responses to the disputed RFAs.

2. Quibi should receive its attorneys' fees incurred to litigate this motion because Eko's delays and objections in providing the amended responses were substantially unjustified.

3. Nothing in this order, however, would affect or change (a) Eko's duty to supplement its amended responses under Rule 26(e) subject to sanctions under Rule 37(c)(1) for failing to do so; (b) Quibi's right to seek further amended responses at the pretrial conference under Rule 36(a)(6); and (c) Quibi's right to seek costs at trial under Rule 37(c)(2) for any matters that should have been admitted sooner without requiring proof at trial.

    To that end, Quibi is ordered to file by March 17 a declaration with itemized entries showing the attorneys' fees it actually incurred because its counsel had to litigate this motion (not including initial meet and confer time), beginning with the drafting of the motion and ending with the filing of the supplemental memorandum in support of that motion.

    Eko may also file by March 17 an optional response, not to exceed five 5 pages, with any further argument not made at the hearing in opposition to the monetary discovery sanction to be awarded Quibi for Eko's delay and objections in providing timely amended responses to the disputed RFAs.

    IT IS SO ORDERED.

                                                                       1:35

Initials of preparer: SK